FILED
IN CLERK'S OFFICE
US DISTRICT COURT
★ DEC 28 2012
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANZEL STAFFORD SMITH,

               Plaintiff,

  - against -

NEW YORK CITY HOUSING AUTHORITY,
FHA REPOSSESSED HOMES; JOSEPH L.
TRAYNOR; JOSEPH F. GUIDA (Badge #14),
City Marshal; the HONORABLE DEIGHTON
S. WAITHE, Judge of the Civil Court, City of New
York, County of Queens; and JOHN DOES 1
through 10,

               Defendants.
------------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
12-CV-06375 (CBA) (JMA)

AMON, Chief United States District Judge.

On December 27, 2012, plaintiff Anzel Stafford Smith, appearing pro se, filed this action against defendants along with a proposed order to show cause seeking to prevent his eviction from real property located at 198-14 119th Avenue in St. Albans, Queens. Smith seeks damages and immediate injunctive relief. The Court grants Smith's request to proceed in forma pauperis solely for the purpose of this Order. The Court, however, dismisses the complaint and denies the proposed order to show cause for the reasons set forth below.

## BACKGROUND

Smith alleges that he has resided in the St. Albans property since 1998, but that defendant New York City Housing Authority ("NYCHA"), has deprived him of "his adverse possession rights, by commencing an eviction proceeding in 2009." (Compl. at 2.) Smith further alleges that defendants held a trial without providing him an opportunity to obtain counsel or discovery. (Id.) Smith fails to provide the date of the trial or the result thereof, but it is clear that he did not prevail. Subsequently, a notice of eviction was issued on December 20, 2012, which provides

1

for eviction "on the Sixth (6) Business Day After the Date of this Notice." (Proposed Order, Ex. A.) Smith alleges that he filed an appeal with the Appellate Term seeking to vacate the stay, but that the appeal was denied. (Compl. at 2-3.)

## STANDARD OF REVIEW

In reviewing Smith's complaint, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Furthermore, "[f]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, while § 1332 provides for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under the Constitution, laws, or treaties of of the United States." 28 U.S.C. § 1331. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See 28 U.S.C. § 1332(a); Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008). Here, Smith invokes the

Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. For the reasons set forth below, however, the Court lacks jurisdiction over this matter.

Smith also seeks immediate relief by order to show cause for a preliminary injunction and a temporary restraining order. Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Rule 65(a)(1) further provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." A party seeking a preliminary injunction must show "(1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." Covino v. Patrissi, 967 F.2d 73, 77 (2d Cir. 1992); see also Citigroup Global Mkts., Inc. v. Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010). Temporary restraining orders and preliminary injunctions are "extraordinary remed[ies] that should not be granted as a routine matter." JSG Training Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 80 (2d Cir. 1990); see also Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

## DISCUSSION

Smith alleges that in 1998 he obtained ownership of this "FHA repossessed home" by "adverse possession" after making "massive repairs and improvements." In 2009, however, NYCHA commenced eviction proceedings, which have now resulted in a notice of eviction

3

issued December 20, 2012. Smith, it appears, has not been successful in appealing the decisions of the state court in this matter and now turns to the federal court.

The "[f]ederal courts do not have subject-matter jurisdiction over landlord-tenant matters." Rosquist v. St. Marks Realty Assoc., LLC, No. 08-CV-2764, 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases); see also Southerland v. NYCHA, No. 10-CV-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against NYCHA because federal courts do not have subject matter jurisdiction over landlord-tenant matters); Oliver v. NYCHA, No. 10-CV-3204, 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) ("[F]ederal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters.").

Even if the Court had subject matter jurisdiction over landlord-tenant matters, the Rooker-Feldman doctrine would prevent this Court from asserting jurisdiction because Smith seeks review of a state court judgment rendered before these federal district court proceedings commenced. Only the United States Supreme Court is vested under 28 U.S.C. § 1257 with jurisdiction over appeals from final state-court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("Rooker-Feldman doctrine"). Lower federal courts such as this Court lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Hoblock v. Albany Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005); see Reyes v. Fairfield Properties, 661 F. Supp. 2d 249, 272-74 (E.D.N.Y. 2009); Torres v. City of New York, No. 09 CV 1894, 2009 WL 1346396, at *2 (E.D.N.Y. May 13,

2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home.").

Even under the most liberal reading, the complaint against defendants is dismissed because this Court lacks jurisdiction over Smith's eviction and the proceedings in civil court regarding the St. Albans property, and this Court lacks jurisdiction to review the orders issued in Smith's state court matter pursuant to the Rooker-Feldman doctrine. Because the Court lacks subject matter jurisdiction over Smith's complaint, Smith's request for an order to show cause is denied.

## CONCLUSION

Accordingly, the Court dismisses the complaint, filed in forma pauperis, against defendants for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court also denies Smith's request for an order to show cause. Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 28, 2012

Carol Bagley Amon
Chief United States District Judge

5